**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MOHSEN HELMI,**

               **Plaintiff(s),**         **CASE NUMBER: 07-13826**
                                       **HONORABLE VICTORIA A. ROBERTS**

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
**DISTRICT DIRECTOR UNITED STATES**
**CITIZENSHIP AND IMMIGRATION SERVICES,**
**and FEDERAL BUREAU OF INVESTIGATION,**

               **Defendant(s).**

_____/

**ORDER**

**I.     INTRODUCTION**

This matter is before the Court on Defendants' "Motion to Dismiss, or in the Alternative, to Remand" (Doc. #4).  Defendants seek dismissal of this action for lack of jurisdiction or a remand to the U.S. Citizenship and Immigration Services ("USCIS") so that the agency may complete the processing of Plaintiff Mohsen Helmi's Form N-400, Application for Naturalization ("Application").

Plaintiff Mohsen Helmi ("Plaintiff") requests oral argument.  However, the Court finds that the relevant facts, allegations, and legal arguments are adequately contained in the parties' submissions and in the written record.  Oral argument would not significantly aid the decision process.  Accordingly, the Court decides Defendants' motion on the briefs.  *See* Eastern District of Michigan Local Rule 7.1(e)(2).

For the following reasons, Defendants' motion is **GRANTED IN PART** and

**DENIED IN PART**.

## II.     BACKGROUND

Plaintiff filed his Application with the USCIS on March 12, 2004.  The USCIS

submitted Plaintiff's name check request to the Federal Bureau of Investigation ("FBI")

on April 15, 2004.  It interviewed Plaintiff on September 16, 2004.  Following the

interview, USCIS informed Plaintiff that he passed the English, history, and government

tests.  However, because Plaintiff's security clearances were still pending, it could not

render a decision on his Application.  Three years later, his FBI name check is still

pending.

On September 11, 2007, Plaintiff filed suit against Defendants seeking a writ of

mandamus compelling them to complete the FBI name check and adjudicate his

Application.  Alternatively, Plaintiff requests a hearing.

## III.     STANDARD OF REVIEW

When subject matter jurisdiction is challenged under Fed. R. Civ. P. 12(b)(1), the

plaintiff has the burden of proving jurisdiction.  *RMI Titanium Co. v. Westinghouse Elec.*

*Corp.*, 78 F.3d 1125 (6th Cir 1996).  If the attack on jurisdiction is a facial attack on the

complaint, the court must accept the allegations in the complaint as true and construe

them in a light most favorable to the non-moving party.  *United States v. A.D. Roe Co.,*

*Inc.*, 186 F.3d 717, 721-22 (6th Cir 1999).  If the attack is factual, however, the court

may weigh evidence and resolve factual disputes.  *Ohio Nat. Life Ins. Co. v. United*

*States*, 922 F.2d 320, 325 (6th Cir. 1990) ("When facts presented to the district court

give rise to a factual controversy, the district court must . . . weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist."). "[A] trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* Here, Defendants present a facial attack on Plaintiff's Complaint; no factual controversy exists.

## IV. ARGUMENTS AND ANALYSIS

Defendants argue that the Court should dismiss Plaintiff's claim for lack of subject matter jurisdiction. According to Defendants, the Court lacks jurisdiction over Plaintiff's Application under 8 U.S.C. §1447(b). Section 1447(b) grants a district court jurisdiction over an application for naturalization that has been pending for over 120 days:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the *examination* is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. §1447(b) (emphasis added).

Defendants maintain that the term "examination" means when the USCIS has gathered all of the necessary information to make a decision on an application for naturalization. *See e.g.*, *Danilov v. Aguirre*, 370 F.Supp.2d 441, 444 (E.D. Va. 2005) ("[t]he interview of plaintiff . . . did not end the statutorily-required 'examination' and . . . trigger the running of the 120 day period, since the interview occurred long before [US]CIS received plaintiff's FBI background investigation"); *El-Kassemi v. Dep't of*

3

*Homeland Sec.*, 2006 WL 2938819 at *2 (D.N.J. Oct. 13, 2006) ("[t]he Court concludes that the statutory 120 day period did not begin to run until Defendants received the results of Plaintiff's background check[]"); *Damra v. Chertoff*, 2006 WL 1786246 at *2 (N.D. Ohio June 23, 2006) ("This court finds the language of 8 U.S.C. §1446(b) illustrative in establishing that the examination is comprised of an investigative process that can include steps beyond that of an individual interview with the applicant."). Because Plaintiff's background check remains unverified, Defendants claim the 120-day period has not begun to run and, therefore, the Court lacks jurisdiction to hear this matter.  Plaintiff argues that "examination" refers to the applicant's initial interview.  The Court agrees with Plaintiff's interpretation.

A majority of Courts within this jurisdiction have consistently held that the term "examination" references the applicant's interview as mandated by 8 U.S.C. §1446.  In each case, the government agencies have advanced the same argument - the 120 day period begins after all the information is gathered.  And, in each case, courts conclude they have jurisdiction because the 120-day period begins after the initial interview.  *See Issa v. Mueller*, 486 F.Supp.2d 668 (E.D. Mich. 2007); *Abdelkarim v. Gonzales*, 2007 WL 1284924 (E.D. Mich. April 30, 2007); *Garcia-Guerra v. Chertoff*, 2007 WL 1004223 (E.D. Mich. March 28, 2007); *Al Saleh v. District Director*, 2007 WL 925693 (E.D. Mich. March 28, 2007); *Khelifa v. Chertoff*, 433 F.Supp.2d 836 (E.D. Mich. 2006); *Zhang v. Chertoff*, 2006 WL 4045600 (E.D. Mich. Feb. 1, 2006); *Ouili v. Dep't of Homeland Sec.*, 2007 WL 2259335 (E.D. Mich. Aug. 2, 2007); *Al Saidi v. Jenifer*, 2005 WL 5179147 (E.D. Mich. Dec. 23, 2005); *Mahmood v. Jenifer*, 2005 WL 5179153 (E.D. Mich. Nov. 30, 2005).

In addition, the Fifth Circuit Court of Appeals recently reversed its decision in *Walji v. Gonzales*, 2007 WL 1747911 (5th Cir. June 19, 2007) that the term "examination" refers to the entire investigative process including the FBI's background check. *See Walji v. Gonzales*, 500 F.3d 432 (5th Cir. 2007). The court held that the language of 8 U.S.C. §1447(b), the statutory scheme, and the legislative history support plaintiff's interpretation of "examination." *Id.* at 435-38.

Further, Congress granted district courts jurisdiction to ensure that applications are not unreasonably delayed. After three years, Plaintiff still waits for his criminal background check to be completed. If the Court adopted Defendants' theory, it could be several more years before Plaintiff could seek judicial relief because Defendants would have no incentive to process applications efficiently. Despite Defendants' argument that the Court's interpretation renders jurisdiction "hollow" and consistently results in remands back to the agency, there are cases not requiring remand because the application is complete but the agency simply fails to render a timely decision. In such cases, the Court would exercise jurisdiction and could render a decision on the naturalization application.

The Court rejects Defendants' interpretation and also finds that it is not entitled to deference under *Chevron U.S.A., Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837 (1984). *Chevron* permits deference to an agency's statutory interpretation that is "based on permissible construction of the statute." *Id.* at 843. Given the text of 8 U.S.C. §1447(b) and the regulatory language, Defendants' interpretation is impermissible and inconsistent with evidence demonstrating that the "examination" is synonymous with the interview. For these reasons, the Court finds it has subject matter

jurisdiction over Plaintiff's claim pursuant to 8 U.S.C. §1447(b).  And, it need not discuss whether jurisdiction exists under the Mandamus statute or the Administrative Procedures Act.

However, Plaintiff argues that the Court should not remand as it has in the past; he says remand does not provide an adequate remedy.  Instead, Plaintiff says the Court should follow *Chebli v. Chertoff*, 2007 WL 2571967 (E.D. Mich. Sept. 4, 2007) and *Attisha v. Jenifer*, 2007 WL 2637772 (E.D. Mich. Sept. 6, 2007).

In *Chebli* and *Attisha*, the Court concluded that it has jurisdiction pursuant to 8 U.S.C. §1447(b), and denied Defendants' motion to dismiss and motion to remand. "Remanding the case 'for completion of the examination' would do nothing to ensure that defendant will, in fact, complete the examination and make a decision."  *Chebli*, 2007 WL 2571967 at *3; *Attisha*, 2007 WL 2637772 at *3.  The Court scheduled a hearing "to determine the matter" pursuant to 8 U.S.C. §1447(b).  *Chebli*, 2007 WL 2571967 at *3; *Attisha*, 2007 WL 2637772 at *4.

The United States has an agency which on a daily basis determines eligibility for citizenship.  Without a criminal background check, the Court is not equipped to decide Plaintiff's Application.  *See El-Daour v. Chertoff*, 417 F.Supp.2d 679, 681-83 (W.D. Pa. 2005) (stating that the FBI background check is a vital piece of information and the Court is not equipped to conduct such an investigation to determine whether the petitioner is a risk to national security).  Accordingly, the Court continues to follow its previous decisions.

V.    CONCLUSION

Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.  The Court

**REMANDS** this case to the USCIS for a prompt resolution of Plaintiff's Application following completion of the background check.

The Court **DENIES** Plaintiff's request for costs and attorneys fees; Defendants did not improperly file this motion.

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 21, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 21, 2007.

s/Linda Vertriest
Deputy Clerk